### SIMS *vs.* THE ADM'R OF SIMS.

1. Delivery of possession is an essential ingredient in a gift of personal property, but a *change of possession* is not indispensable.

2. Every delivery of a chattel, with intent to give it to another, operates a *legal* change of possession, and transfers dominion over the subject of the gift to the donee.

3. The fact that a slave given by a parent to a child remains at the residence of the donor, may be explained by the circumstance, that the residence of the donor is also that of the donee:

4. And is a proper subject for the consideration of a jury, when enquiring into the truth and reality of the gift.

Error to the Circuit court of Dallas county.

Detinue for slaves, tried by *Harris*, J.

The action was detinue, brought by the plaintiff in this court. On the trial, in the court below, a bill of exceptions was tendered to the opinion of the court, from which it appeared that it was in evidence before the jury, that B. Sims, the father of the plaintiff, at a public sale, at his house, in the presence of several persons, called the negro girl, Rachel, (now in dispute,) and the plaintiff,

before him, in the yard, and called on the persons present, to witness that he gave said negro to the plaintiff.

It was also in proof, that the negro had been previously sold, to one of the persons present, which contract was rescinded at the instance of the father, to enable him to make the gift to the plaintiff.

It was further proved, that after the gift, the negro girl and the plaintiff remained together, the former in the possession, and the latter in the family of B. Sims, her father, until his death. After the death of B. Sims, the said negro girl and her child were taken possession of by the defendant, as administrator of B. Sims, in whose possession they now remain.

Upon this evidence, the court charged the jury, that a delivery and change of possession was absolutely necessary to the validity of a gift, and if the jury believed there had been no such change of possession, the gift was absolutely void, and it was their duty to find for the defendant. This charge was excepted to.

There was a verdict and judgment for the defendant, from which the plaintiff prosecuted a writ of error, and now assigned for error the charge of the court.

*J. B. Clark,* for plaintiff in error.
*Edwards,* contra.

ORMOND, J.—It is desirable, that in all cases presented to this court for revision, the points intended to be raised, should be distinctly presented on the record, so as to leave no room for doubt or misconstruction. In this case, although the point is not presented so clearly

Sims *vs.* the adm'r of Sims.

as is desirable, yet we think from the context, we can arrive at it with reasonable certainty.

The charge of the court must be considered in connection with the evidence, and thus condered, there can be no doubt that the jury were misled by it.

It is certain that delivery of possession is an essential ingredient in a gift of personal property. But when the court charged "that a delivery and *change of possession* was absolutely necessary to the validity of a gift, and that if there had been no such *change of possession*, the gift was absolutely void;" the jury were authorised to infer, and no doubt did infer, that the gift was invalid, even if the *delivery* was proved, because the negro afterwards remained with her former master. The gift was complete at the instant of delivery, and if any argument had been urged against the fact of delivery, because the slave remained with the donor, her former master, the court should have left it to the jury to determine whether that circumstance was not explained, by its being also the home of the donee. This, we think, the jury were precluded from doing, by the emphasis which the court seem to have given to the fact of *possession* in addition to delivery, as being necessary to constitute a valid gift.

The cases of Goodwin vs. Morgan, (1 Stewart's Rep. 278,) and Frisbey and wife vs. McCarty (1 Stew. & Por. 56,) do not militate, in the slightest degree, against the principles here laid down. The term "change of possession," is a mere paraphrase of the word delivery; for every delivery, with intent to give, operates a *change of possession*, and transfers dominion over the subject of the gift to the donee. What facts or circumstances would in

law amount to a *delivery* of personal property, so as to consummate a gift, is a question we are not called on to determine.

The judgment must be reversed, and the cause remanded for a new trial, not inconsistent with this opinion.