TOWNS v. RIDDLE.

1. This Court will not revise the action of the Circuit Court in admitting evidence out of the usual course of proceeding. The course of proceeding is always within the discretion of the Court, and no revising Court can ascertain whether a departure from the usual course is calculated to advance or defeat the justice of the case.

2. If one co-surety to a note gives notice to the plaintiff to proceed by law to collect the note, and he is discharged by the omission of the plaintiff to sue, according to the notice, the principal becoming insolvent, all the other sureties are discharged by the same omission.

3. When a charge is correct in point of law, although there may be no evidence to warrant the charge, the judgment will not be reversed, unless the result shows, that the jury were misled by the generality of the charge.

Writ of error to the Circuit Court of Talladega County.

ACTION of assumpsit on twenty-seven promissory notes, each for the sum of fifty dollars, dated the 27th February, 1836, and payable on the 25th December then next. The defendant pleaded,

1. Non-assumpsit.

2. That the notes sued on were made by Conner and Walker as principals, and one Sylvanus Walker, and the defendant as sureties; that after the maturity of the notes, the defendant gave to the plaintiff a verbal notice to sue the makers thereof, which the plaintiff failed to do; that at the time of the said notice, the principals in the said notes were in possession of property sufficient to pay the said notes, and that they could then have been collected from the principals, if suit had then been commenced; that the said principals afterwards became, and continue to be, insolvent; and that if the defendant is now compelled to pay the said notes, he will be injured to the amount of the notes, through the mere neglect of the plaintiff, concluding with a verification.

Issues to the country were joined on both pleas, after the plaintiff had demurred to the second, but on which demurrer no judgment was required or had.

Verdict and judgment for the defendant.

Towns v. Riddle.

In the progress of the trial a bill of exceptions was taken by the plaintiff, which discloses, that after the notes were given in evidence, the defendant introduced a witness, who testified, that in October, 1838, he was at the house of Sylvanus Walker, who is one of the makers of the notes, and heard his brother tell Mr. Garrett, who represented himself as the agent of the plaintiff, and who then said he had the notes now sued on, that he (Sylvanus Walker) and Gideon Riddle were securities on the notes, and that neither he nor the said Riddle would be bound, unless Towns would sue immediately on the notes. The defendant introduced another witness, who stated, that he was with the plaintiff, Towns, on one occasion, and was informed by him, that the security had notified his agent, Mr. Garrett, to sue on the notes; that the said agent had informed him that he had better sue, and that he would have done so, but for Conner and Walker, the principals, who had induced him not to sue; that the plaintiff also stated, that the defendant and Sylvanus Walker were sureties in the notes. Another witnessed proved the same facts.

The first witness examined, also stated, that Sylvanus Walker gave the notice as well for himself as in behalf of the defendant, but the said Walker did not then say he was the agent of the defendant; nor did he represent, that he had any authority from, or that he had been requested by the defendant, to give the notice to Garrett, the agent of the plaintiff.

Another witness stated, that David Conner, in the fall of 1838, had considerable property, some twenty or thirty negroes; that he was nevertheless, considerably involved in debt; he purchased seven negroes from said Conner in January, 1839, and appropriated the sum agreed to be paid for them, to divers, claims against Conner; that Conner failed in the winter of 1839, say in January or February; and left the State, taking with him twelve or thirteen negroes; that if a judgment had been obtained against Conner at the May term of the Circuit Court, for the year 1839, nothing could have been made upon it.

It was also offered in proof, that Sylvanus Walker was insolvent when he gave the notice to the plaintiff to sue. The defendant then closed his evidence.

The plaintiff then adduced evidence conducing to establish the insolvency of Conner and Walker at the time the notice was given to sue. After the plaintiff had closed his case by this rebutting evidence, the defendant again offered evidence, to which the plaintiff objected, on the ground, that the defendant had before concluded his case. The objection was overruled, (it is not stated in the exceptions, whether witnesses were examined, and if so, their testimony is either omitted, or is contained in the previous part of the bill.)

This being all the proof, the Court charged the jury that the law did not make joint securities agents for each other, and that unless Sylvanus Walker had authority from Gideon Riddle, (the defendant) to give the notice, the jury should not consider it as Riddle's act; but the jury might infer from the beneficial nature of the act, and a subsequent ratification of it by Riddle, by his failure to disaffirm it, or by his acting under, or acquiescing in it, that it was his act. To this charge, the plaintiff excepted.

The plaintiff requested the Court to instruct the jury, that, if Riddle had ratified the act of Sylvanus Walker, that unless a notice of his ratification had been communicated to the plaintiff, it would not amount to a notice, so as to discharge the defendant. This the Court refused and the plaintiff excepted.

The Court then charged the jury, that if any agreement was made by the payee of the notes, and the principal payor, without the consent of the sureties, materially changing the original contract, either as to amount or time of payment, that such *new contract* would absolve the surety from liability. To this charge, the plaintiff excepted.

The plaintiff prosecutes the writ of error, and assigns the several matters arising out of the exceptions taken at the trial, and also that the Court erred in charging the jury on questions of law, which were not involved in the evidence before the jury.

STONE, for the plaintiff in error, admitted that the correctness in point of law of the last charge, could not be controverted; but he insisted, that by it the jury was misled and drawn from the consideration of the facts in evidence, to others which were not attempted to be proved.

MOODY, contra.

GOLDTHWAITE, J.—1. We cannot examine the question, which is presented by the bill of exceptions in relation to the course pursued in permitting the defendant to examine witnesses, after the plaintiff had closed his rebutting evidence, for the purpose of revising the action of the Court, because the course of trial is entirely within the discretion of the Court; and because it is impossible for any revising tribunal constituted of judges, different from those, who preside in the Circuits to ascertain whether the particular proceeding complained of, is calculated to advance or defeat the justice of the case. We might be inclined to think the reasons assigned in the bill of exceptions insufficient to authorize a departure from the common mode of examintion, but we are not informed, nor can we be, that injury has, thereby resulted to the plaintiff.

2. The instructions given by the Circuit Court in relation to the supposed agency of one of the sureties, in giving notice to the plaintiff to commence suit against the principals, is certainly involved in much obscurity; but it is equally certain, that the charge was more favorable to the plaintiff than he had the right to call for, and therefore, cannot be assigned as error, unless it was calculated to mislead the jury. We understand the charge to be, that it was necessary for the jury to believe that Walker acted as the agent of his co-surety, the defendant, when he gave the plaintiff notice to sue the principal debtors; but that this might be inferred from the beneficial consequences to be derived from the notice, especially, as the defendant had never thus affirmed it. We consider the law of such a case to be, that whenever one co-surety is discharged in consequence of the omission to sue after such notice has been given the discharge must enure to the benefit of all the sureties; and this rests on this obvious principle, that if one surety is discharged from the contract, his obligation to his co-surety is also discharged, and never can be revived. The plaintiff cannot, in such a case, recover against any one of the sureties, because the right of contribution, which before existed has been destroyed by the omission of the plaintiff to do that which equity requires him to do, when called on by a surety.

The charge when examined means nothing more than this, that the notice to sue was such a matter as enured to the ben-

efit of the defendant, unless the act was disaffirmed by him. We are unable to see how, or in what manner this could prejudice the plaintiff.

3. The only other error complained of, is that the other charge given did not arise out of the evidence, and was calculated to mislead the jury, from a consideration of the true question—the insolvency of the principals—after the period when the money could have been collected, if they had been sued immediately after the notice was given. The charge is admitted to be correct in point of law. We are not prepared to say that any evidence was before the jury from which a *contract* to give additional time to the principals could be properly inferred; it is possible that the defendant may have considered it differently, and both parties may have conceded, that the inducement spoken of by the witnesses was a contract. It was clearly the duty of the plaintiff to have requested a more specific charge, if the one then given was calculated to affect his rights injuriously, in consequence of any misapprehension by the Court of the legal effect of the evidence before the jury. In the case of Herbert v. Huie, 1 Alabama Rep. N. S. 18, the consequences of neglecting to request a specific charge are thus stated. "If the Court refuses to give a charge improperly asked for, and then charge the jury wrong in point of law—the case must be reversed. But this is not the case here; the charge is right and the objection, in effect, is, that the Court did not inform the jury of its own mere motion, what constituted a *bona fide* purchaser or holder for a valuable consideration."

So, in the present case, the complaint is, that the Circuit Court did not, of its own mere motion, inform the jury what were the facts necessary to constitute a new contract between the plaintiff and the principal debtors.

It is not necessary to controvert the position that juries may be misled by charges which are obnoxious to no legal criticism. The case of Sims v. Sims, 8 Porter 449, presents an example of such a charge; but there it was immediately connected with the evidence, and the result showed, that the jury was misled by it. It is not impossible, that in this case the jury may have been misled by the generality of the charge; but there is

nothing in the result of the case, which leads necessarily to such a conclusion; it may have been decided entirely on the ground, that the principals became insolvent, after the money, might have been collected, if they had been sued. We may speculate on the causes which influenced the verdict, but we can arrive at no certain result.

There is no error, and the judgment is affirmed.