## STALLINGS *vs.* FINCH.

1. The owner of a slave, having left her in plaintiff's possession,—telling him that, if he never called for her, plaintiff's wife was to have her,—afterwards died without calling for her, and made no disposition of her by his will : *Held*, that these facts were not sufficient to establish a gift, as the owner had never parted with his control or right of dominion.

2. Although the donor's subsequent declarations cannot be received to invalidate his previous gift, when once it is established ; yet, where the issue is whether he had parted with his dominion in favor of the donee, with whom he had left the slave, a letter subsequently written by him to the latter is admissible evidence for the purpose of showing that the latter was holding as his bailee merely.

3. But evidence that the slave was the kept mistress of her owner, and that she had children by him, is irrelevant and inadmissible for the plaintiff.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. ROBERT DOUGHERTY.

TROVER by Silas J. Stallings against John Finch, for the conversion of a slave named Charlotte. The plaintiff, on the trial, " introduced evidence to prove that, in 1844, William Finch, who was then the owner of the slave, and who resided in Georgia, came to Alabama, and brought said slave with him, and placed her in the possession of the defendant to hold for him ; that afterwards, in 1846, said William Finch again came to Alabama, and on his return home, a few miles from plaintiff's, he stopped at witness' house, who was well acquainted with both him and plaintiff; and while at his house informed witness that he had that day left said negro woman with plaintiff and his wife, and said that he informed them, when he left her there, that if he never called for her plaintiff's wife was to have her, as he would rather plaintiff's wife had her than any person else. Witness testified, also, that said William Finch had stayed at plaintiff's house several days. Plaintiff proved, also, that said negro had remained with him, from 1846, the time said Finch left her there, until some time during the spring of 1850, when she ran away, and went to defendant's, and remained in his possession until after demand made, and before the commencement of this suit,

when he delivered her up to Burdett Finch, the executor of said William Finch, who now holds her as such executor. It was proved, also, that said William Finch died, in Georgia, in 1849, while said negro was in plaintiff's possession; that he was never married; and that he left a will, in which he made specific legacies of negroes, but omitted said Charlotte in said will."

The defendant then offered in evidence a letter written to plaintiff by said William Finch, dated in May, 1847, which contained the following sentences in reference to the said negro : " Gives me great satisfaction that you all was well, and Charlotte is satisfied. * * Tell Charlotte I don't know what to do; I can't sell my land yet. * * Tell her that her father and mother is well, and all of her brothers and sisters, and her children. * * Tell her, if she can get her a good master to live with, may-be it would be best for her; but I would ask six hundred dollars for her, if she wants to be sold, and can get that price for her. I will come out there this fall. Though, if she don't want to be sold, I expect I can hire her out for something; but I think, if she had a good master, her mind would be better off, and better satisfied," &c. " The plaintiff objected to the introduction of this letter, but his objection was overruled. Plaintiff offered to prove, that the negro woman was a kept mistress of said William Finch; also, that she had children by him; which propositions were objected to, and the evidence excluded, and plaintiff excepted."

" The court charged the jury as follows : ' Defendant says that William Finch revoked the gift, and you may look to the letter written by William Finch to Stallings, and his last will and testament, to see if he intended to revoke it; and if you come to the conclusion he did so intend to revoke, you must find for defendant;' to which charge plaintiff excepted, and asked the court to charge " that, if the jury believed from the evidence that said William Finch placed said slave in the possession of plaintiff, to be the property of his wife in the event that he never called for her, and that he never called for, but departed this life leaving her in plaintiff's possession,—then plaintiff was entitled to recover"; which charge the court refused, and the plaintiff excepted.

The rulings of the court on the evidence, as above stated,

the charge given, and the refusal to charge as requested, are now assigned for error.

S. F. RICE, with whom was ROBT. BAUGH, for appellant:

1. In some cases, the declarations of a donor made before the gift, may be admitted as evidence for him ; but in no case can his declarations made after the gift, be received as evidence for him, or for his representative.—Powell v. Olds, 9 Ala. 861 ; 14 Viner's Ab., p. 19, §§ 4 and 6 ; Iverson v. Nelson, 17 Ala. 220 ; Iverson v. Nelson, 19 ib.

2. A parol gift is irrevocable by the donor.

3. But even if such gift was revocable, the intention of the donor to revoke, is not a revocation.

These plain rules of law were violated by the admission of the letter of the donor as evidence for the defendant, and by the charge given by the court. That charge shows that the defendant admitted, by irresistible implication, that there was a gift by William Finch to plaintiff, but staked his defence on the revocation of that gift. The charge is based on the hypothesis and concession that there was a gift, and the jury are told they must find for the defendant, if William Finch "intended to revoke it."

4. A verbal gift in 1846 of a slave to the wife of the plaintiff, was in law a gift to the husband, (Comm. v. Manley, 12 Pick. 173), and under the evidence in this case, the charge as asked by plaintiff was correct, and should have been given.

5. Under the evidence, and after the admission of William Finch's letter as evidence for defendant, the court should have allowed the plaintiff to prove " that the negro woman was a kept mistress of William Finch" ; also, " that she had children by William Finch." Each of the "propositions" of plaintiff to make this proof, was overruled. Each portion of this evidence was proposed separately, and should have been admitted, because it tends to show a special reason—an inducement—to give this favorite negro in the manner contended for by plaintiff. This evidence, in connection with the fact that the will of the donor "made specific legacies of negroes, but omitted the negro Charlotte," would have a tendency to show that the gift was made as claimed by plaintiff.—Iverson v. Nelson, 17 Ala. 216, (first head-note).

If the defendant was allowed to introduce illegal evidence, the plaintiff should have been allowed to rebut it by illegal evidence.—Havis v. Taylor, 13 Ala.

GEO. W. GUNN, with whom was J. T. BROCK, *contra :*

The plaintiff having endeavored to establish a gift by means of declarations subsequently made by the pretended donor, the letter from the donor to plaintiff was clearly admissible on the part of the defendant.—Sims v. Saunders, Harp. 374 ; Frisbie v. McCarty, 1 Stew. & P. 56 ; 1 Bailey 119; 12 Johns. 188 ; 9 Ala. 313.

The evidence rejected was by no means relevant to the issue : whether or not the slave was the kept mistress of the pretended donor, could furnish no aid in the determination of the question at issue, and the evidence was therefore properly rejected.—McKenzie v. McRae, 8 Porter 70 ; Inncrarity v. Byrne, *ib.* 176.

In respect to the question of a gift : The supposed donor never parted with the dominion over the slave, but could have reclaimed her at any time up to his death. Taking all the evidence together, and giving to it an interpretation most favorable to the plaintiff, it merely indicates an intention to give ; but the purpose was never consummated, the *locus penitentiæ* still remained, and no advantage can be claimed therefrom. There is, in fact, nothing in the language used, indicating a present intention to give, nor a promise to give; there was no transfer of the right to the supposed donee, and no renunciation of dominion on the part of the donor. The whole evidence falls short of consummating a gift.—Phillips v. McGrew, 13 Ala. 259. To constitute an effectual delivery, the donor must part with the dominion of the thing in favor of the donee. That the charge given was proper, and the charge refused erroneous, is shown by the following authorities : Walden v. Dixon, 5 Mon. 170 ; Adams v. Hay, 2 Ired. 361 ; Thomas v. De Graffenreid, 17 Ala. 610 ; Durett v. Sewall, 2 *ib.* 669 ; *ib.* 117 ; 1 *ib.* 52 ; 9 *ib.* 391 ; 15 *ib.* 91 ; 16 *ib.* 35 ; 7 Johns. 25 ; 2 Ves. 431 ; 2 Saund. 47; 5 Gill & J. 461 ; 1 Ark. 88 ; 1 Ed. 296 ; 2 Gratt. 344 ; 10 Johns. 293; 18 *ib.* 145 ; 1 Madd. 176 ; 7 Leigh 217 ; Riley's R. 290 ; 3 Shep. 479 ; 16 Verm. 206; 2 *ib.* 595; 1 Mur. 127; 10 Conn. 480; 2 Wheat. 17.

GOLDTHWAITE, J.—The evidence shows, that William Finch, the owner of the slave in controversy, left her in the possession of the plaintiff and his wife, informing them at the time that, if he never called for said slave, the plaintiff's wife was to have her,—that he subsequently died without having called for her, and made no disposition of her by his will; and the charge refused raises the question as to the right of the plaintiff below to recover upon these facts.

It is indispensable to the validity of a parol gift of a chattel, that the owner should part with his dominion over it.— Phillips v. McGrew, 13 Ala. 255. In Bryant v. Ingraham, 16 Ala. 114, it is said by Dargan, J. : " The mere declaration by one that he would give, or had given a chattel to another, when it is shown that the donor never parted with the possession or control of it, would not be sufficient to establish a title by gift." So, in Jones v. Dryer, 16 Ala. 221, Collier, C. J., says : "To constitute an effectual delivery, the donor must part with the dominion of the thing in favor of the donee." See, also, the cases cited in the last opinion. Here the owner never parted with the right of control or dominion, and the authorities we have cited are conclusive to show that the facts in evidence did not amount to a gift. ·

If the declarations of William Finch, given in evidence by the plaintiff, had established a gift of the slave from him to the wife of Stallings, then the letter which he wrote in 1847, introduced against the objection of the plaintiff, would not have been competent evidence, for the reason, that the subsequent declarations of the donor could not affect the title which the donee had acquired. But here, one of the questions involved was, whether William Finch had parted with his dominion of the slave in favor of the donee; and as the evidence tended to show that the donee was holding as his bailee, the letter was admissible, for the purpose of showing that his control over her continued up to its date.

The evidence offered by the plaintiff, as to the connection which existed between the slave and William Finch, was also properly rejected, as that fact would not, by itself, have tended to establish a gift, and when aided by the other testimony which the record discloses, would not have been sufficient to entitle the plaintiff to a recovery, upon the legal principles

we have laid down in this opinion, had the evidence been demurred to. It might, perhaps, under some circumstances, have tended to show a motive for making such a disposition of the slave, but no such circumstances are disclosed by the record, and the evidence was wholly irrelevant.

Judgment affirmed.