## RAGSDALE AND WIFE *vs.* NORWOOD.

### [TROVER FOR CONVERSION OF SLAVE.]

1. *Remainder by parol gift.*—In this State, a remainder in personal property cannot be created by parol gift.

APPEAL from the Circuit Court of Greene.
Tried before the Hon. WM. S. MUDD.

THIS action was brought by James P. Ragsdale and Mary F. Ragsdale, his wife, against Andrew Norwood, to recover damages for the conversion of a slave named Rebecca; and was commenced on the 12th September, 1859.

The plaintiffs claimed title to the slave under a verbal gift in remainder to Mrs. Ragsdale from Eleanor S. Lewis, who was her great aunt; while the defendant held under a purchase from Isaac L. Jordan, who was the father of Mrs. Ragsdale. "The plaintiffs' evidence tended to show," as the bill of exceptions states, "that said Eleanor S. Lewis owned a negro woman named Anaka, and in July or August, 1838, made a verbal gift of said slave, the terms of which were, that she gave the slave to Nancy Jordan, wife of Henry Jordan, for her life, and at her death, said slave, with her increase, was to be the property of the children of Isaac L. Jordan; and that the donor executed the gift, by delivering the said slave to the said Nancy Jordan, who remained in possession of said slave until her death in 1841. The slave in controversy was a child of said Anaka, and was born after the said gift and delivery of said Anaka to the said donee. On the death of the said Nancy Jordan, the slave in controversy went into the possession of Isaac L. Jordan, and was held by him, for his children, until 1852; but the proof in reference to his possession, and as to the manner in which he held said slave, was conflicting and contradictory. It was further proved, that Mrs. Mary Ragsdale was the only child of the said Isaac L. Jordan at the time of the said gift and delivery of the woman Anaka to Mrs. Nancy Jordan; but there was no other evidence in regard to the gift and delivery of said slave." On this evidence, the court instructed the jury, in effect, that the remainder to the children of Isaac L. Jordan, attempted to be created by said verbal gift, was inoperative and void. The plaintiffs excepted to this charge, and they now assign it as error.

S. W. COCKRELL, for appellants.—A remainder in personal property may, in this State, be created by deed or will; and no good reason can be perceived why it may not also be created by parol. The delivery to the tenant for life, would operate as a delivery to the remainder-man; and any objection that can be urged against the validity of

such remainder, would be equally applicable to all parol gifts. As to the validity of a parol remainder to a person who is in being when the gift is made, see 2 Kelly, (Geo.) 297; 2 Hill, (S. C.) 543. An analogous principle is well settled in this State, which allows a separate estate in a married woman to be created by parol.—*Blocker's Adm'r v. Jennings*, 25 Ala. 515; *Crabb's Adm'r v. Thomas*, 25 Ala. 212.

F. P. SNEDICOR, *contra.*—At common law, a remainder in a chattel could not be created even by deed.—2 Hayw. (N. C.) 130, 182; 2 Bla. Com. 398. Public policy requires, that when the possession of personal property is separated from the title, there should be some open manifestation of the fact by which third persons might be notified of the true state of facts. The statutes of this State, which were in force when the pretended gift in this case was made, required that it should be in writing, and duly recorded.— Clay's Digest, 255; 2 Ala. 648; 12 Ala. 612; 2 Kent, 352. In Kentucky, under a similar statute, it has been held, that a writing and record are necessary to perfect a remainder.—5 Dana, 306; 9 Dana, 352; 2 Bibb, 102; 1 Dana, 237. In Georgia and Virginia, a parol remainder in slaves, to take effect after the death of the first taker, is void.—*Kirkpatrick v. Davidson*, 2 Kelly, 297; *Maxwell v. Harrison*, 8 Geo. 61; *Fitzhugh v. Anderson*, 2 Hen. & Mun. 302. To allow the creation of such estates by parol would open a wide door for frauds and perjuries. An additional objection is, that there can be no valid delivery of such remainder.

STONE, J.—It was evidently the ancient law, that a remainder in things personal could not be created even by deed. As part of the reason for this, it was said, that personal property could not, in any correct sense, "be held for any estate," but was the subject of absolute ownership.—See 2 Black. Com. 398; Williams on Personal Property, 7, 199, 200, and note; Sugden on Property, 64 Law Library, 355–6.

So in America, some of the States have held, that no remainder in chattels can be created by deed.—See *Cutler v. Spiller*, 2 Hayw. 130 ; *Gilbert v. Murdock, ib.* 182 ; *Vass v. Hicks,* 3 Murph. 494 ; *Sutton v. Hollowell,* 2 Dev. Law;. 185 ; *Morrow v. Williams,* 3 Dev. Law, 264 ; *Betty v. Moore,* 1 Dana, 236.

This stern rule has yielded to. exceptions in England, and has been generally repudiated on this side of the Atlantic. In this State, it was early settled, and has been steadfastly maintained,. that a remainder in things personal can be created by deed.—*Catterlin v. Hardy,* 10 Ala. 511 ;. Shep. Digest, 536.

The rule we have declared in reference to the perfection of oral gifts is, that the thing must pass from under the power and dominion of one person, into the possession,. control and dominion of another, who must be either the donee, or some person who receives the dominion and control for the donee.—*Smith v. Wiggins,* 3 Stew. 221 ; *Sims v. Sims,* 8 Porter, 451 ; *McCutchen v. McCutchen,* 9 Porter, 656 ; *Pope v. Randolph,* 13 Ala. 221 ; *Easly v. Dye,* 14 Ala. 166-7 ; *Thomas v. DeGraffenreid,* 17 Ala. 610 ; *Stallings v. Finch,* 25 Ala. 518 ; *Ivey v. Owen,* 28 Ala. 647. Under this principle, it is contended, that the gift of the remainder in this case is not perfected, because no person has. received the dominion and control of the slaves in controversy, for the benefit of those who claim in remainder. Probably this argument is answered by the analogy to that principle, well settled in this court, which asserts that, when a legacy is to one for life, with remainder to another, the possession of the life-tenant is the possession of the remainder-man ; and the assent of the executor to the bequest to the first taker, is an assent to the gift in remainder. *Magee v. Toland,* 8 Por. 36 ; *Pitts v.. Curtis,* 4 Ala. 350 ;. *Brown v. King,* 10 Ala. 819 ; *Chambers v. Perry,* 17 Ala. 726 ; *Gibson v. Land,* 27 Ala. 117 ;. *Walker v. Fenner,* 28 Ala. 367 ; *Thrasher v. Ingram,* 32 Ala. 645, 668 ;. 1 Roper on Legacies, 570 ; *Cains v. Marley,* 2 Yerger, 584.

Although the rigor of the ancient common law, in rela-

Ragsdale and Wife v. Norwood.

tion to the creation of remainders in things personal, has yielded much to the spirit of progress observable in our modern jurisprudence; yet we have never held, that such remainder can be created by oral gift; and, although what is called a sealed instrument has, for many purposes, ceased to be, with us, distinguishable from unsealed writings, save by the employment of a rather unmeaning scroll, still we have refused to recognize the validity of a gift of per- sonalty not perfected by delivery, even though the at- tempted gift be evidenced by writing, unless it be also *under the seal of the donor:—Connor v. Trawick's Adm'r,* 37 Ala. 289.

In the case of *Kirkpatrick v. Davidson*, (2 Kelly, 302,) the supreme court of Georgia said: "The common law has never gone further than to extend the right to create remainders over in personal estate *by writing;* such were its provisions at the beginning of the revolution, when, adopted by this State. The inquiry, then, very naturally presents itself, by what authority can courts take it upon themselves to dispense with *this writing?* It is not pre- tended that there is any statute still further extending the common law; and, in the absence of such legislation, where the common law stops, we must stop. And public policy stands decidedly opposed to a wider departure from the ancient doctrine of the law as to these limitations. If even when evidenced by *grant* or *will*, they are justly ob- noxious to the eloquent strictures of Judge Tucker, what shall we say of them when resting in parol? Slaves, and other personal property, in the possession of one person, with remainder over to some half-dozen others in succes- sion, to any number of lives in being and twenty-one years and the period of gestation after—what inextricable con- fusion! what a rich harvest of perjury!" See, also, *Max- well v. Harrison*, 8 Georgia, 61; *Fitzhugh v. Anderson*, 2 Hen. & Munf. 289; Keyes on Chattels, § 407; *Payne v, Lassiter*, 10 Yerger, 507.

So, we think that, to allow the creation of a remainder in things personal by oral gift, would open a wide door for

injustice, fraud, and even for perjury on the part of witnesses. We follow the precedent set us by the supreme court of Georgia, and hold that the remainder attempted to be set up in this case is inoperative and void. )

We are not unmindful of the fact, that this court has given effect to separate estates of married women in personal property, created without writing.—See *Crabb v. Thomas*, 25 Ala. 212; *Lockhart v. Cameron*, 29 Ala. 355. And we confess that it is somewhat difficult to distinguish in principle between the two classes of cases. Possibly it would shut the door against fraud, if the rule were so changed as to prevent the creation of separate estates without writing. This, however, is a question we are not inclined to consider open in this court.

Without intending to disturb the principle above announced, we are unwilling to enlarge the rule, so as to bring within its influence a class of cases much more numerous, and from which there would probably be reaped a much more abundant harvest of frauds and perjuries.

The judgment of the circuit court is affirmed.