## HULL & LEAVENS v. THE PLANTERS AND MERCHANTS BANK OF MOBILE.

1. The transfer of negotiable notes by a separate deed of assignment, without delivery of the notes themselves, is not an endorsement, or such transfer as will vest the legal title in the transferee according to the law merchant, but is the assignment merely of a *chose in action.*

ERROR to the Chancery Court at Mobile.

This case was argued at the same time with the case of Hall v. Hallett and others, at the last term. It will be seen, however, from the opinion of the court in which the facts are sufficiently stated, that it is entirely dissimilar.

CAMPBELL, for plaintiff in error.
DARGAN, *contra.*

ORMOND, J.—It was contended in argument, that this case is identical in principle with the case of Hall v. Hallett, et al. decided at the present term. In that case, it was held, that receiving a negotiable note by indorsement, in payment and discharge of a pre-existing debt, was a taking in the usual course of trade, and that the holder was not affected by the equities between the original parties, of which he had no notice.

The facts of this case are briefly these: The complainant, Hull, purchased lots in the city of Mobile, from one Solomon Andrews, and executed his notes therefor, payable in bank, the two last of which fell due, one on the 1st November, 1840, for $5,200, and one on the 1st November, 1841, for $5,440—That at the time of the sale, there was a mortgage upon the lots, in favor of William R. Hallett, which Andrews fraudulently concealed, and which is still subsisting, and in part, unsatisfied—That in April, 1837, Andrews absconded from the State, insolvent, and was imprisoned in New-Orleans, as a fraudulent debtor, by the Planters' and Merchants' Bank. The two notes above described, with others, were, by Solomon Andrews and H. M. Andrews & Co. (which firm was composed of S. Andrews and H. M. Andrews) assigned to the firm of Andrews & Brothers, composed of J. Andrews, Z. Andrews and E. Andrews, to secure them for debts and liabilities of S. Andrews and H. M. Andrews & Co. H. M. Andrews & Co. and S. Andrews, being indebted to the Planters' and Merchants' Bank of Mobile, an arrangement was entered into between the Bank and E. Andrews, acting for the firm of Andrews & Brothers, by which the latter became bound for one hundred thousand dollars, and also assigned to the bank about one hundred and fifteen thousand dollars in notes and bills, of the effects of S. Andrews and H. M. Andrews & Co. which had been assigned to them by the latter, for the purpose above stated, the Bank transferring to Andrews & Brothers, their claims on S. Andrews and H. M. Andrews & Co. This transaction took place on the 28th of June, 1839, and was evidenced by a deed of that date. None of the notes or bills were in the possession of E. Andrews when the agreement was entered into; the two notes of the complainant, Hull, being then in the possession of the Bank of Mobile, to which it had been delivered previously, to hold as collateral security for liabilities of Andrews & Brothers to the Bank, and for which an order was given to the Planters' and Merchants' Bank, where the principal debt was paid.

The object of the bill is, to have the notes credited by the amount still due on the mortgage to Hallett.

The general doctrine is very clear, that any one in possession of a negotiable security, may, by indorsement, vest a complete title to it, though he may have obtained it by fraud, or for an entirely different purpose, if the indorsee gives a valuable conside-

ration for the transfer, and is not affected with notice of the fraud or want of title. This is necessary to render them negotiable, and in all cases of instruments negotiable by the law merchant, the presumption of law is, that the title is with the possession.— [Collins v. Martin, 1 B. & P. 648; Grant v. Vaughan, 3 Burr. 1524; Miller v. Race, 1 ib. 452; Peacock v. Rhodes, 2 Douglass, 633.]

It results as a corollary from the proposition above stated, that if the transferee has notice at the time of the transfer of the fraud or other defence to the instrument, he will be affected by it, and the instrument in his hands will be subject to the same defence as if it had never been negotiated, unless it has been said he can deduce a title from some one upon the bill not affected with notice, a question which does not arise in this case.

The only question necessary to be settled, is, whether the Planters' and Merchants' Bank, have such a title to the notes in question, as by the rules of the law merchant, will protect it against the latent equity of the complainant.

To vest the legal title in a negotiable instrument, it must, according to the law merchant, be transferred to the holder. If it be payable to bearer, the transfer may be by delivery; if payable to order, it can only be by an indorsement on the paper itself, or at least on one attached to it. [Story on Bills, 222, and cases cited; Chitty on Bills, 251; Gibson v. Minet, 1 H. B. See the opinion of C. J. Eyre, at page 605–6.] This results from the rule, that the title and possession of a negotiable security, are inseperable— the property passes with the possession. In the language of C. J. Eyre, in Collins v. Martin, [1 B. P. 648,] "every holder with the bill, takes the property, and his title is stamped upon the bills themselves."

.Tested by these rules, it will be perceived that the transfer of the notes in this case to the P. and M. Bank, has not one of the properties of the endorsement of a negotiable security. When the agreement was entered into by the P. and M. Bank, with E. Andrews, the notes were not in the possession of Andrews, but were then in the custody and under the control of the Bank of Mobile, to which they had been pledged by Andrews as collateral security. The transfer was not made by endorsement on the notes, but by a deed of assignment, by which these notes, with other securities, were conveyed to the Bank. Nor did the Bank, by the con-

764 ALABAMA.

Hull & Leavens v. The Planters' and Merchants' Bank of Mobile.

tract, become entitled to the possession or control of the notes, but received an order for their delivery, when the debt for which they were pledged, should be discharged. This was then, at most, an assignment of the interest which the assignor had in the notes at the time of the assignment, and whatever may be the interest which the Bank took by the assignment, it certainly did not receive the legal title according to the custom of merchants. It was in truth, but the assignment of a *chose in action*, which subjects the assignee to all the defences which existed against the payee at the time of the assignments.

In Hopkirk v. Page, [2 Brock. 41.] where negotiable securities, as in this case, had been transferred by a deed of assignment, Chief Justice Marshall holds the following language: "Nothing can be more anti-commercial than the idea of transferring negotiable paper by a deed. transferring a vast number of bills, bonds, notes and accounts. Such an instrument may very properly be considered as conveying the equitable interest, the right to receive the money, but cannot be considered as a negotiation of the bill upon mercantile principles, or according to mercantile usage, so as to authorize the holder to sue in his own name. The books treat of no such mode of transfer."

It is true, that by our statute, the assignee is vested with the legal title, but the Bank can derive no aid from that circumstance, because the statute subjects the assignee to all the defences which existed to the note at the time of the transfer.

This view being decisive in favor of the decree made by the chancellor, we have not considered it necessary to enter upon the inquiry, whether upon the other facts disclosed by the record, the Bank could be considered a *bona fide* holder for a valuable consideration, and the decree is consequently affirmed with costs.