## BEAN vs. WELSH.

1. A covenant entered into between one of the heirs at law of a testator, to whom he has devised the greater part of his estate, and the other heirs, by which, in consideration that the latter would withdraw all opposition to the admission of the will to probate, the devisee covenants and agrees, that they shall be entitled to a full and equal participation in the estate, as if the testator had died intestate, and that the estate shall be divided equally, and precisely as if he had so died, not only estops him from asserting his title as devisee, but passes to the heirs the same title they would have taken had the testator died intestate.

2. In such case, a division, regularly made under an order of the Orphans' Court, will vest in the heirs severally such portion of the estate, as may be respectively assigned them.

Error to the Circuit Court of Morgan. Tried before the Hon. S. C. Posey.

ROBINSON, for the plaintiff in error:

Immediately upon the probate of this will, the legal title to the land sued for vested in the legatee. The contract made by him with the heirs of the testator did not divest him of this title. The utmost effect that can be given to it is, that it gave the others equitable titles to certain undivided portions of the land. This left the legal title still in him. The legal title being in him, the plaintiff below could not sustain an action at law. But suppose the agreement to have vested in her the title. Still she could not sustain an action at law, because she had title only to an undivided portion of the land. The proceeding of the Orphans' Court cannot be relied upon to show that the lands had been divided, and her portion ascertained,—for that action was not within the power of the court. Being without warrant of law it is void. That court had no power to enforce this agreement. But if it be valid then it is insisted that this proceeding vests the title in her husband.

HUMPHREYS, for the defendant.

The fee vested in Mrs. Welch by the surrender of the devisee. It was as much her land as if no will had been made. The devisee had the power to relinquish, and after the death of the husband, the legal title was in Mrs. Welch, and she could bring her action of ejectment. She did bring her action of trespass to try titles, and it was the proper remedy.

PARSONS, J.—This was an action of trespass to try titles to a tract of land, and was brought by the defendant in error, Catherine Welch, against Benjamin F. Bean. The facts were these: Jeremiah Pate, the father of the plaintiff below, being seized of several tracts of land, executed his last will, by which he gave to his wife during her life an eighty acre tract on which he lived, besides several slaves, and other articles of personal property. He also bequeathed to all his children some small pecuniary legacies, and gave to Thomas Pate, one of his sons, all the rest of his estate, both real and personal. When this will was offered for probate, the other children appeared and came

✳

prepared to contest it, whereupon a covenant was entered into under seal, between Thomas Pate, and the other children, by which it was agreed that the will should be admitted to probate; and the partties covenanted and agreed with each other that they should all be entitled to a full and equal participation in the estate of their father, as if he had died intestate, with the exception of four negroes previously given by the testator to Thomas, which were not to be considered as part of the estate. It was further covenanted and agreed that the estate should be divided equally, and precisely as if the testator had died intestate. This agreement was acknowledged and recorded, and all opposition to the will being withdrawn, it was duly admitted to probate. After this, on the application of the executor, a commission was issued to five persons, directing them to divide the estate amongst the heirs of the testator, who in pursuance thereof made division of the lands, and the tract sued for was allotted to the plaintiff, who was then a married woman, but whose husband died before the institution of this suit. The division so made was returned to the Orphans' Court, and was recorded, and so far as we can discover from the record is satisfactory to the children and heirs of the testator. The defendant showed no title or claim whatever, but relied on the want of title in the plaintiff alone, as his defence to this suit. The court instructed the jury that the plaintiff was entitled to recover.

We think the covenant entered into by Thomas Pate estops him from asserting a title to the land as devisee under his father's will. Indeed he could not be permitted to claim title to the whole as devisee, after he had entered into a covenant founded on a sufficient consideration, the effect of which was to renounce his title as devisee, by stipulating that the estate should be divided between all the heirs, as if the testator had died intestate. The legal effect of this agreement was to vest in the heirs of the testator the same title they would have taken, had he died intestate as to the lands devised to Thomas; for we think the principle is well settled, that an estoppel will not only bar a right or title, but will pass one to him in whose favor the estoppel works. Thus if A. convey to B. with covenant of warranty, and at the time he has no estate in the land, but afterwards acquires title, this title will inure to his grantee in the deed.—Comstock et al. v. Smith, 13 Pickering, 116; Springsteen v. Schemerhorn, 12

Johns., 357; Kennedy & Moreland v. The Heirs of McCartney, 4 Porter, 141; Tillotson v. Kennedy, 5 Ala. 407. If indeed an estoppel could not operate as a conveyance, or as a medium through which the title would pass to him, in whose favor the estoppel works, we might frequently lock up the title in him and his heirs, against whom the estoppel operated, and the party for whose benefit it was intended might find himself without title and unable to recover from a mere intruder; for if the title to the after acquired estate did not pass to the grantee by means of the estoppel, but it only precluded the grantee from asserting an after acquired title, it would be difficult to see how he could recover in ejectment from one who had no title. To show title in another would not enable him to recover, and he having none could not maintain the suit. To give therefore the full effect to an estoppel, it is clear, that it must frequently operate to pass the title. The covenant then not only deprives Thomas of his title as devisee, but it operates to give the other heirs of the testator the same title, that they would have taken had their ancestor died intestate.

· But the agreement, without more, would not have given the plaintiff a title in severalty to the *locus in quo*, and the question, therefore, is whether the division made under the commission issuing from the Orphans' Court can have that effect. I think it does. The covenant is that the estate shall be equally divided, *precisely as if the testator had died intestate.* Had he died intestate the division would have been good, and would have given the plaintiff an exclusive title. The agreement, therefore, has been fully executed and the rights of the parties settled in conformity with it. The parties to the agreement raise no objection to it, or to the manner in which it was executed, and we think it clear that a stranger should not be permitted to do so. There is no error in the record and the judgment must be affirmed.