## BORUM *vs.* KING'S ADM'R.

[BILL IN EQUITY TO ENFORCE VOLUNTARY EXECUTORY TRUST.]

1. *Consideration of deed.*—Love and affection for a grandson is not a valuable consideration for a deed.

2. *Transfer of note;—presumed existence of common law in sister State.*—By the common law, (which will be presumed, in the absence of evidence to the contrary, to prevail in a sister State,) to transfer the legal title to a promissory note, without delivery, it is necessary that there should be an endorsement on the note itself, or on another paper attached to it.

3. *Voluntary executory trust not enforced.*—A court of equity will not enforce, against the grantor or his personal representative, a purely voluntary executory trust in favor of a grand-child.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by William B. Borum, against the personal representative of his maternal grandfather, William King, deceased; and sought to enforce the specific execution of a trust, created by a deed of which the following is a copy :

"State of Georgia, ?        Know all men by these presents, Harris county.    ⎰ that I, William King, of the State and county aforesaid, for and on account of the relationship and love that I have for my grandson, William Benjamin Borum, do, by these presents, give and convey unto my grandson one note of hand, for the amount of $475, on Benjamin F. Borum, the father of my grandson, due the 30th November, 1859; and I also give to my said grandson the further sum of $1,000, lawful money, to be paid to the said William B. Borum at my death, or within twelve months after, by my administrators or executors, as the case may be. But the note and money above specified *is* given on the following conditions and restrictions—to-wit : that if the said William Borum should die before he arrives at the age of twenty-one years, or should he die before he has a legitimate child or children to heir and inherit it, the above several sums of money, with the interest, *is* to be paid back into the hands of my administrator or executor, and become a part of my estate, and be divided equally among my heirs or children—to-wit," specifying them. " And I do by these presents constitute and appoint my son, Harvey King, my special agent, and guardian of my said grandson, to manage and control the before-mentioned sum of money, to the best advantage, for my grandson ; and [he] may, if he thinks proper, pay the interest of said money to the clothing and educating of my said grandson. It is my special request, that the money should in no wise be paid into the hands of Benjamin F. Borum, the father of my grandson, but that a guardian be appointed by the court from out of the relations of my grandson's mother, which guardian may act agreeably to the instructions above

specified for Harvey King. Moreover, if I should die, and make no will, this gift to my grandson is to be considered in full of all of my grandson, and is to forever prevent him, or his father, from any claim on my estate. In witness whereof, I have hereunto set my hand and seal, this 1st December, A. D. 1840."

" WILLIAM KING, [seal.]"

" Wm. B. Pryor,
" Osborn Crook."

The bill alleged, that this deed was executed in Georgia, where the grantor then resided, was delivered by him to the complainant, " so far as the circumstances of the case would admit, and caused to be spread upon the records of the proper office ;" that the grantor afterwards collected from Benjamin F. Borum the money due on said note mentioned in said deed, but never paid any part of it, or of the $1,000 mentioned in said deed, to the complainant ; that said grantor removed to Macon county, Alabama, in the year 1845, and there died in October, 1855 ; that letters of administration on his estate, *cum testamento annexo*, were duly granted to the defendant, who refused to pay complainant any part of said moneys ; that Harvey King died in the year 1856, and that the complainant was over twenty-one years of age. The prayer of the bill was for an account, a money decree against the administrator for the amount which might be found due to the complainant, and general relief. The chancellor dismissed the bill, on motion, for want of equity ; and his decree is now assigned as error.

GEO. W. GUNN, with W. P. CHILTON, for appellant.
CLOPTON & LIGON, contra.

A. J. WALKER, C. J.—We think it is clear that the decision of the chancellor was correct. Love and affection for a grandson is not a valuable consideration, as we decided in *Kinnebrew v. Kinnebrew*, 35 Ala. 628. The deed of William King was, therefore, purely voluntary. The deed

did not convey the legal title to the note therein described. Supposing the common law to have prevailed in Georgia, where the deed was executed, the note not having been delivered, an endorsement on the paper itself, or at least on one attached to it, was necessary to transfer the legal title. *Hall v. P. & M. Bank of Mobile*, 6 Ala. 761. We have, then, so far as the note is concerned, "an instrument purporting to be a conveyance, or assignment of property, * * * but which does not operate to divest the grantor of the legal estate (title) ;" and which, therefore, does not convey a perfect, executed trust. The execution of such an instrument, it being purely voluntary, will not be enforced in equity against the party himself, or against his representatives after his decease.—Hill on Trustees, 137 ; *Ellison v. Ellison*, 6 Ves. 656 ; *S. C.*, 1 Lead. Cas. in Eq. 167, and notes by Hare & Wallace ; 2 Story's Eq. Jur. § 795 *a ; Crompton v. Vasser*, 19 Ala. 259 ; *Kinnebrew v. Kinnebrew, supra*. So far as the thousand dollars mentioned in the deed is concerned, if the instrument can be regaded as operative *inter vivos*, it is settled in *Kinnebrew v. Kinnebrew, supra*, that the trust will not be enforced in equity. We refer to the reasoning and authorities adduced in the case last cited, as conclusive on this point. We deem it proper to remark, that the arguments and authorities of the chancellor have greatly aided us in the decision of this case, and, indeed, have left us but little to do save to concur in his conclusions.

Affirmed.