# Walker, Guardian, *v.* Crews.

*Bill in Equity to enforce Voluntary Executed Trust, declared by Parent in favor of Child.*

1. *Gifts inter vivos; what necessary to their validity.*—To render a gift *inter vivos* a valid transfer of rights of property, there must be a delivery, a transfer of the dominion from the donor to the donee; and the gift must be completely executed, leaving nothing to be done to perfect it. If there is no delivery, or if any thing necessary to perfect the gift remains to be done, the transaction is a mere executory agreement to give, by which the title does not pass, and upon which no action can be maintained in any court.

2. *Same; what constitutes delivery.*—The title to personal property, given by deed, is transferred by a delivery of the deed, without a delivery of the property; and when the deed has been delivered, the gift is irrevocable, and the subsequent possession of the donor does not impair its validity.

3. *Same.*—But the manner of delivery, and what it takes to constitute it depend somewhat on the nature and condition of the property;

[Walker, Guardian, v. Crews.]

what is required being, that there shall be a clear surrender of the right· and of the dominion, in contradistinction to a promise to surrender, without the reservation of any interest by the donor, or the postponement of the time of actual enjoyment by the donee.

4. *Same; what essential to validity of gift of chose in action.*—When a promissory note is the subject of the gift, it is not essential to its validity, that the technical right to maintain an action on the note in the name of the donee, shall be conferred, but merely that the dominion over the note shall be parted with by the donor, and transferred to the donee. (*Borum v. King*, 37 Ala. 606, overruled on this point.)

5. *Same; trusts thereby declared and consummated can be enforced.* If by deed of gift a trust is declared and consummated, it will be enforced to the same extent, and on the same principles, as if the deed rested on a valuable consideration.

6. *Voluntary trust by parent in favor of child; when executed and irrevocable.*—A father, in consideration of his love and affection for an infant daughter, executed a deed, whereby he "gave, granted and conveyed" to her certain particularly described promissory notes, owing to him by ·third parties, "the same to have and to hold to the only use and benefit of my said infant daughter, Ella C., hereby reserving to myself the right to manage the above amounts as agent for my said infant daughter, with the privilege to collect the money on said notes, and re-invest in property for her, the said infant child, or reloan on interest, if I see best, should I live to have the privilege of so managing said amounts specified." After executing the deed, he lived four or five years, during which time he, styling himself trustee for his said daughter, had assessed to her for taxation personal property, in amount approximating the face value of the notes, but gradually increasing year by year, and paid the taxes thereon. He acknowledged the deed on the day of its execution, and soon thereafter caused it to be recorded in the proper office. *Held*, that these facts, unexplained, amount to proof of delivery, and that the deed created a valid, executed, irrevocable declaration of trust in favor of the child.

7. *Same; what presumed to be an investment of funds belonging to.* After the execution of such deed, the father having purchased a tract of land, taking the title in the name of the daughter, *it was further held*, that this should be treated as an investment, *pro'tanto*, of the trust funds in his hands.

8. *Same; remedy for enforcing against heirs and distributees of deceased parent.*—The father having collected the notes conveyed by the deed in his life-time, and having died intestate without accounting therefor, and his estate, after the lapse of eighteen months from the grant of administration, having been finally settled· and distributed among the distributees, before the claim of the donee under the deed was made known or presented to the administrator, *it was further held*, that her guardian, suing for her use, could maintain a bill in equity against the other distributees, for the purpose of pursuing the assets in their hands, and of enforcing contribution from them,"the cause involving a complicated account of such a character as clearly gives a court of equity jurisdiction.

APPEAL from Barbour Chancery Court.

Heard before Hon. JNO. A. FOSTER.

On 12th March, 1867, Arthur Crews executed a deed of gift to his infant daughter, Ella Corine Crews, purporting, by its terms, to "give, grant and convey" to her certain designated and particularly described promissory notes, made by divers third parties for money loaned, payable to him in January and.

[Walker, Guardian, v. Crews.]

February, 1868, and aggregating, in amount, about the sum of $3100; and reserving to himself the right, "as agent" for his said daughter, to manage said notes, to collect the money thereon, and to re-invest the same. Having duly acknowledged the deed on the day of its execution, he filed the same for record, on 28th June, 1867, in the office of the judge of probate of Barbour county, the county of his residence. On 31st January, 1872, the said Arthur Crews departed this life intestate, seized and possessed of a considerable estate, consisting, in part, of money, *choses in action*, and other personal property, and leaving him surviving, as his only heirs at law and next of kin, his widow, and several children and descendents of children. The said deed was found among his papers after his death. • Its terms and provisions, and the acts of the said grantor thereunder, are stated in the opinion. It is admitted that he collected on said notes, before his death, the sum of $2878.40; but when he made such collections, is not shown by the record. Shortly after the death of the said Arthur Crews, John E. Crews, one of his sons, was duly appointed administrator of his estate, and entered upon the duties pertaining to his trust, collecting and reducing to possession the assets of said estate, and administering the same; and, on 11th December, 1876, he made a final settlement of his administration on said estate; and a final distribution among the distributees, the amount so distributed being largely in excess of the amount claimed under said deed.

The bill in this cause was filed on 15th January, 1880, by David L. Walker, as the guardian of the said Ella Corine Crews (who was still a minor), suing for her use, against the said John E. Crews and the other heirs and distributees of said estate, some of whom were minors, setting up said deed, averring, among other things, that the notes thereby conveyed were collected by the said Arthur Crews in his life-time, and the money thus collected by him went into the hands of his said administrator, and was by the latter distributed among said distributees; and praying (1) an account of "how much money or other property, the property of Ella Corine Crews, was in the hands of said Arthur Crews, deceased, at the time of his death;" (2) "an account of how much money or other property, belonging to said Ella Corine Crews, went into the hands of said John E. Crews, administrator of Arthur Crews, deceased, and was by him distributed among the heirs at law of said Arthur Crews, deceased;" (3) "an account of how much money or other property, belonging to the estate of the said Arthur Crews, deceased, went into the hands of said John E. Crews, administrator of Arthur Crews, deceased, and by him distributed among the heirs at law of said Arthur Crews; and in

each case the names of all the parties to whom such payments or distributions were made, and the amounts paid to each one;" (4) a " decree establishing a trust fund in the estate of said Arthur Crews, deceased, which went into the hands of John E. Crews, administrator, in favor of orator, for the use of said Ella Corine Crews, to be paid by contribution from those to whom the estate of said Arthur Crews was given or distributed;" (5) " a money decree in favor of orator, as guardian of said Ella Corine Crews, and for her use, against the several parties to whom the money or property of the estate of Arthur Crews, deceased, was distributed and paid, to be by them paid by contribution, in the mode, manner and sums authorized by law, and the facts of the case, or to be paid in the mode, and manner, and sums as your Honor may direct;" and (6) for general relief. The defendants answered the bill, putting in issue the averments thereof, on which the complainant's equity rested, and incorporated in their answer a demurrer, assigning as a ground of demurrer, among others, that the complainant had a plain and adequate remedy at law. The evidence tended to show that neither the said Ella Corine Crews, nor her guardian had ever, prior to filing her bill, presented her claim arising under said deed, or filed the same in the probate court, as a claim against said estate; and that the administrator had no knowledge or actual notice of the execution or existence of said deed, or of the said Ella's claim against said estate thereunder, until the bill in this cause was filed. It was also shown that the complainant, as guardian of the said Ella, received from said administrator her distributive share in said estate, on the final settlement thereof.

On the hearing, had on pleadings and proof, and also on the demurrer to the bill, the chancellor caused a decree to be entered, overruling the demurrer, but dismissing the bill on the proof; he being of the opinion, upon a consideration of the evidence, that the trust created by the deed was executory merely, and, therefore, invalid.

HENRY R. SHORTER and WATTS & SONS, for apppellant. (1) A valid trust *executed*, as contradistinguished from an *executory* trust, was created by the deed made by Arthur Crews to the complainant. The deed was executed and placed on record by the grantor, and was afterwards recognized and acted on by him until his death, by the payment of taxes as on so much money held by him in trust for the complainant. These acts show an unmistakable, absolute and irrevocable *executed trust*, which, though voluntary, a court of equity will recognize and enforce. On these points the following authorities cited and discussed: 2 Story's Eq. Jur. § 973, and note 4; 1 Perry on

[Walker, Guardian, v. Crews.]

Trusts, §§ 96–8, 101, 103, 105, and notes; *Crompton v. Vasser,*
19 Ala. 259; *Ex parte Pye,* 18 Ves. 149; *Ellison v. Ellison,*
6 Ves. 661; *Adams v. Adams,* 21 Wall. 185; *McFadden v.*
*Jenkyns,* 1 Hare, 462; s. c. 1 Phil. Ch. (19 Eng. Ch. Rep.) 153;
*Stapleton v. Stapleton,* 14 Sim. (37 Eng. Ch. Rep.) 185; *Cra-*
*ven v. Winter,* 38 Iowa, 471; *Pierce v. Brooks,* 52 Ga. 425;
1 Lead. Cases in Equity (H. & W.'s Notes), 225–47; *Callison v.*
*Patrick,* 2 Keene, p. 134; *Bunn v. Winthrop,* 1 Johns. Ch.
329; *Dennison v. Goehring,* 7 Barr. 175; *Tolar v. Tolar,* 1
Dev. (Eq.) 456; *Pulvertoft v. Pulvertoft,* 18 Ves. 97; *Gads-*
*den v. Whaley,* 14 S. C. 210; *Martin v. Funk,* 75 N. Y. 134;
*Gerrish v. New Bedford,* 128 Mass. 159; *Taylor v. Henry,* 48
Md. 550; *Reiff v. Horst,* 52 Md. 255; 2 Spence's Eq. Jur.
896–8; *Robert's Appeal,* 92 Pa. St. 407; *Elliott v. Deason,* 64
Ga. 63; *Borum v. King,* 37 Ala. 606; *Vincent v. Rogers,* 30
Ala. 471; *Kinnebrew v. Kinnebrew,* 35 Ala. 628; *Connor v.*
*Trawick* , 37 Ala. 289; Adam's Eq. (4th Am. Ed.) 166–7;
*Eldridge v. Turner,* 11 Ala. 1049.  (2)  The statute of non-
claim is no bar to the enforcement of the trust.—Code of 1876,
§§ 2597–8; *Moore v. Wallis,* 18 Ala. 458; *Fretwell v. Mc-*
*Lemore,* 52 Ala. 124.  (3)  That there has been a final settle-
ment of the estate of Arthur Crews; and a distribution of the
assets, does not prevent the enforcement of the trust.  If the
estate had not been settled and the funds distributed, it would
only be necessary to file the bill against the personal represent-
ative of Arthur Crews.  It now, however, becomes necessary
to file the bill against *the distributees* and the personal repre-
sentative, to compel them to refund enough to pay the claim of
this minor; and that this can be done, see *Sanders v. Godley,*
23 Ala. 473; *Turner v. Cole,* 24 Ala. 364; *Anderson v. Thomas,*
54 Ala. 104; *Moore v. Wallis,* 18 Ala. 458; *Thompson v.*
*Brown,* 4 Johns. Ch. 619–46.

JNO. M. McKLEROY, *contra.*  (1)  If the deed in question
created simply a voluntary executory trust, such trust will not
be enforced against the distributees of Crews' estate.—*Borum*
*v. King,* 37 Ala. 609, and authorities there cited; *Kinnebrew*
*v. Kinnebrew,* 35 Ala. 628.  That the deed is voluntary, is
shown by the instrument itself; and the fact that it is a sealed
instrument does not destroy this character.  " That a seal con-
clusively implies a consideration, is not the law in this State."
*Kinnebrew v. Kinnebrew, supra.*  It is *executory,* because there
was no divestiture of the title to the notes out of the donor, and
investiture of it in the trustee or donee.—*Borum v. King,*
*supra; Kinnebrew v. Kinnebrew, supra;* Hill on Trustees
(3d Amer. Ed.), *89, and authorities there cited; Code of 1876,
§ 2099; 12 Ves. 39; *Sims v. Sims,* 2 Ala. 117; *Coleman v.*

[Walker, Guardian, v. Crews.]

*Sarel*, 3 Brown's Ch. 12; *Edwards v. Jones*, 1 M. & Craig, 226. (2) The mere fact that Arthur Crews may have listed some property in the name of Ella C., did not deprive him of his right of revocation, if the gift was incomplete. The fact that he did invest some money in land, and took title to said Ella, shows that, as to the balance called for by the notes, he did not complete the gift. (3) It is further insisted, and the point discussed at length, that there is no equity in the bill, because the complainant has a plain and adequate remedy at law.—*Hitchcock v. Lukens & Son*, 8 Port. 333. See also *Kimball v. Moody*, 27 Ala. 130; 8 Port. 211; *Smith v. Fellows*, 58 Ala. 467.

STONE, J.—Gifts *inter vivos*, to become valid transfers of rights of property, must be completely executed, leaving nothing to be done to perfect the gift. If any thing remains to be done, then the transaction is a mere executory agreement to give, and the title does not pass. No action can be maintained in any court, founded on such agreement to give. And there must be a delivery—a transfer of the dominion from the donor to the donee.—2 Brick. Dig. 40, §§ 2, 4, 5; 2 Kent's Com. m. p. 438; 3 Wait's Ac. & Def. 483–9. The title to personal property given by deed is transferred by a delivery of the deed, without a delivery of the property. When the deed is delivered, the gift is irrevocable, and the subsequent possession of the donor does not impair its validity.—2 Brick. Dig. 43, § 50. To the foregoing extent the authorities all agree—See *Lee v. Luther*, 3 Woodb. & M. 519; *Starr v. Starr*, 9 Ohio St. 74; 3 Wait's Ac. & Def. 488 *et seq.* But, the manner of the delivery, and what it takes to constitute it, depend somewhat on the nature of the property. What is required is, that there shall be a clear surrender of the right and of the dominion, in contradistinction to a promise to surrender. If there be a reservation of the use or enjoyment for life, or any shorter time, this is not a valid executed gift *inter vivos.*—*Pitts v. Mangum*, 2 Bailey (S. C.) 588; *Stallings v. Finch*, 25 Ala. 518; *Shaw v. White*, 28 Ala. 637; *Ragsdale v. Norwood*, 38 Ala. 21.

We have above stated the general rules. In *Hillebrant v. Brewer*, a father procured a cattle-brand to be recorded in the name of his child, and branded certain cattle with the brand so recorded, with the expressed object of making a gift of the cattle to the child. Held that this was such parting with the dominion as to consummate the gift.—6 Tex. 45. See also *McNulty v. Cooper*, 3 Gill & J. 214. In *Taylor v. Taylor*, 12 N. Y. (5 Hun) 115, it was decided that actual manual delivery of the thing is not necessary to the consummation of a gift. A delivery to a third person, as trustee or bailee of the

donee, is sufficient to pass the title; and the donor may, by an apt declaration to that'effect, convert himself into a.trustee for the donee. *Richardson v. Richardson*, 3 L. R. Eq. Cases, 686, is to the same effect, but a stronger case. *Morgan v. Malleson*, 10. L. R. Eq. Ca. 475—decided in 1870—was as follows : John Saunders executed a writing in the following form : "I hereby give and make over to Dr. Morris an India bond No. D., 506, value 1000£, as some token for all his very kind attention to me during illness. Witness my hand this 1st day of August, 1868.          (Signed) JOHN SAUNDERS." This paper was attested by two witnesses, and was delivered. to Dr. Morris, but the bond, which was transferable by delivery, remained in the possession of Saunders. There was no consideration for the transfer. The question arose whether this was an executed gift. The court, Lord Romilly, M. R., said : " I am of opinion that the paper-writing signed by Saunders is equivalent to a declaration of trust in favor of Dr. Morris;" and he ruled accordingly. *Minor v. Rogers*, 40 Conn. 512, (S. C. 16 Amer. Rep. 69) is a very strong authority, upholding such declaration of trust, as a valid, irrevocable gift of the property.

As we have intimated above, an executed gift, consummated by delivery, or its equivalent, vests a title in the donee, which will maintain or defeat an action in any court having jurisdiction to try the cause. If, however, there remain anything to be done to perfect the gift, or if the donor reserve an interest, or postpone the time of actual enjoyment by the donee, then the title does not pass, and the pretended donee can obtain no relief, in any court.—*Kinnebrew v. Kinnebrew*, 35 Ala. 628, and authorities cited ; *Connor v. Trawick*, 37 Ala. 289 ; Perry on Trusts, §§ 96-7-8. If there be a trust declared and consummated, it will be enforced to the same extent, and on the same principles, as if the contract rested on a valuable consideration.—*Morgan v. Malleson, supra* ; 2 Sto. Eq. Jur. § 973 ; and the numerous authorities on the briefs of counsel.

It is contended for appellee that the gift in the present case is executory, and that the decree of the chancellor must be affirmed on the authority of *Borum v. King*, 37 Ala. 606. So far as the note of $475 on Wm. B. Borum, mentioned in that case, is concerned, it is difficult·to draw ·a distinction between the provisions of the two deeds, which can benefit the claimant in this case. If there be a difference, it is in favor of the grandchild Borum under the deed of Mr. King. That deed contains words of present, absolute gift and conveyance, with a superadded provision, appointing the donor's son, Harvey King, his (donor's) special agent, and guardian of his said grandchild (donee), to manage and control the before mentioned

[Walker, Guardian, v. Crews.]

sum of money to the best advantage of said grandson; and authorized the said Harvey, if he thought proper, to expend the interest in clothing and educating the grandson. There was a disposition of the money over, in the event the grandchild died without lawful issue. This court ruled that, inasmuch as the legal title to the note—*the right to sue in the grantee's name*—was not conveyed, the gift was not perfected, and the donee could not maintain an action for its recovery.

It was said in *Connor v. Trawick*, 37 Ala. 289, that a gift by deed delivered is an executed gift, without the actual delivery of the thing given. The delivery of the deed is the equivalent of the manual delivery of the subject of the gift. Such is the acknowledged rule.—3 Wait's Ac. & Def. 499. The gift in *Borum v. King* was by deed delivered, the symbol and equivalent of the actual delivery of the note. Under the ruling in that case, the title and right to the note would not have passed, if the note itself had been delivered, without indorsement, to Borum, the donee. We apprehend this lays down too technical a rule. The true sense of the principle is, that dominion over the thing shall be parted with, and not that the technical right to maintain an action in the name of the donee shall be conferred. What will amount to delivery, so as to perfect a gift, is not always one and the same thing. Much depends on the quality and condition of the thing given. The delivery should be as complete as the circumstances will reasonably permit; nothing more.—See *Hillebrant v. Brewer*, 6 Tex. 45; *Marsh v. Fuller*, 18 N. H. 360; *Cooper v. Burr*, 45 Barb. 9; *Penfield v. Thayer*, 2 E. D. Smith, 305; *Allerton v. Lang*, 10 Bosw. 362. If we adhere to the ruling in *Borum v. King*, we affirm, not only that an absolute parting with dominion is necessary to perfect a gift, but, when the subject of the gift is a promissory note or similar security, to make it valid and binding, the donor must go further and guaranty the payment of the note by his indorsement, unless he have presence of mind to limit the effect of his indorsement. In *Jones v. Deyer*, 16 Ala. 221, this court said: "A valid gift may be made *inter vivos* of a promissory note payable to the order of the donor, by delivery merely, without indorsement, or other writing." *Grover v. Grover*, 24 Pick. 261, and *Elam v. Keen*, 4 Leigh, 333, support this doctrine. Mr. Perry, in his excellent treatise on trusts, sections 96 and 97, states the doctrine substantially as we have given it above; and in the notes to those sections he cites very many authorities, English and American, in support of it.—*E contra* he cites the single case of *Borum v. King*. As to the promissory note given by Mr. King to his grandson, Borum, we think this court fell into an error, and to that extent that case is overruled.

The conveyance in the present case is a deed,—Code of 1876, § 2194—and, in that respect, it differs from the instrument interpreted in *Connor v. Trawick, supra*. The expressed consideration of the deed is love and affection for an infant child, and the subject of the gift is promissory notes, described in the deed. The language of the conveyance is, "I hereby give, grant and convey, and by these presents do give, grant and convey to the said Ella C., as aforesaid, the following specified notes, to-wit," etc. "The same to have and to hold to the only use and benefit of my said infant daughter, Ella C. Crews, hereby reserving to myself the right to manage the above amounts as agent for my said infant daughter, with the privilege to collect the money on said notes, and re-invest in property for her, the said infant child, if I see best, or reloan on interest, if I see best, should I live to have the privilege of so managing said amounts specified." Mr. Crews lived four or five years after executing this instrument,- during which time he, styling himself trustee for the said Ella C. Crews, had assessed to the said Ella C. for taxation, personal property, in amount approximating the face value of the notes, but gradually increasing year by year. These taxes he paid. Soon after the execution of the deed, he acknowledged its execution, and had the acknowledgment certified by a proper officer, and had it duly registered in the proper office. These facts, unexplained, amount to proof of delivery ; and, under the principles stated above, we hold that this was a valid, executed, irrevocable declaration of trust by Mr. Crews, in favor of the infant, Ella C. Crews.

There is proof tending to show that Mr. Crews purchased a tract of land, and had the title conveyed to Ella C. If this took place after the execution of the deed, we think it should be treated as an investment of the trust funds *pro tanto*, under the power reserved to him in the deed. In fact, the bill avers that purchase was an investment of the trust funds, and the complainant will not be heard to deny it.

Other questions have been argued in this cause, but there is nothing in them. The court of chancery is alone competent to do justice between these parties. The estate of Mr. Crews was distributed before the personal representative had any knowledge of this claim, so far as we are informed, and hence, the complainant is without remedy for the enforcement of her claim, unless she can pursue assets in the hands of other distributees. *Winston v. McAlpine*, 65 Ala. 377. This requires the taking of a complicated account of such a character, as clearly gives the chancery court jurisdiction. The estate was not settled or -distributed prematurely ; but Ella Corine, being an infant, was allowed to present her claim within eighteen months after the

removal of her disabilities.—Code of 1876, § 2598; Story's Eq. Jur. §§ 441, 443; *Dickinson v. Lewis*, 34 Ala. 638.

The decree of the chancellor is reversed, and a decree here rendered, declaring the complainant is entitled to relief. The register will take an account, and ascertain how much of the trust fund was realized by Mr. Crews, above the said sum invested in lands. He will also ascertain the several sums distributed and paid to the several distributees, including the distribution to the said Ella Corine. The burden should be properly apportioned among those who have received distribution. He will report to the chancellor at the next term of his court. All other questions are reserved for decree by the chancellor.

Reversed and remanded.